IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

IN RE: TURNER GRAIN MERCHANDISING, INC.,       CASE NO. 2:14-bk-15687-J

    Debtor-in-Possession      Chapter 11

## UNITED STATES TRUSTEE'S
## MOTION TO CONVERT TO CHAPTER 7

Comes the United States Trustee by the undersigned counsel, and for his Motion to Convert to Chapter 7, respectfully states and alleges:

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and Local Rule 83.1of the District Court.

2. The captioned case was commenced by the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code on October 23, 2014.

3. The debtor is not a small business as that term is defined in 11 U.S.C. § 101(51D).

4. The first meeting of creditors was held on December 15, 2014 in Helena, Arkansas.

5. A committee of unsecured creditors was appointed by the United States Trustee on December 22, 2014.

6. The Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides that when a movant establishes cause, the Court shall either convert to Chapter 7 or dismiss a case filed under this chapter based on whichever is in the best interests of creditors and the estate. The examples listed under § 1112(b) are not exhaustive, and the Court has broad discretion to consider other factors, including lack of good faith in filing, when determining whether to dismiss or convert a Chapter 11 case. *All Denominational New Church v. Pelofsky (In re All Denominational New Church)*, 268

B.R. 536, 537 (8th Cir. BAP 2001).

7. In this case, cause for conversion can be established pursuant to 11 U.S.C. § 1112(b)(4) by Debtor's failure to satisfy timely any reporting requirement established by this title, Debtor's failure to provide information to the United States Trustee, Debtor's failure to pay any fees or charges required under chapter 123 of Title 28, and the absence of a reasonable likelihood of reorganization.

8. A Chapter 11 debtor is required to file with the Court monthly reports of the debtor's operations, including a statement of receipts and disbursements. See 11 U.S.C. §§ 1107(a), 1106(a)(1), and 704(a)(8); Fed. R. Bankr. P. 2015(a)(3). The reports are due on the 21st day of the month following the end of the period.

9. In this case, Debtor has failed to file monthly operating reports for the period of October 23, 2014 through November 30, 2014, and December 2014. Operating reports are a source of vital, financial information which creditors and other parties in interest may access in order to make an informed decision on the merits of the debtor's disclosure statement and plan. If the reports are not filed with the Bankruptcy Court, creditors have no means of determining the feasibility of Debtor's continued operations.

10. Additionally, Debtor has failed to submit to the United States Trustee any supporting documentation for the operating reports. Even if the Debtor has no available check register or reconciliations, at a minimum bank statements from the accounts should be filed, in accordance with the UST's guidelines and as required by Local Rule 1020.1.

11. The Office of United States Trustee conducted an initial debtor interview on October 30, 2014. The receiver of the Debtor, Kevin P. Keech, attended the interview as the principal of the Debtor and counsel for the Debtor. At the interview, the Debtor was directed to

provide to the Office of United States Trustee a voided check evidencing the opening of a debtor-in-possession checking account at Simmons Bank. As of the filing of this motion, the Debtor has failed to provide the voided check.

12. The Debtor is delinquent in the payment of the quarterly fee for the fourth quarter of 2014. As of the filing of this motion, the amount due and owing is $325.00.

13. The Debtor has ceased operations and there is no likelihood or intent for rehabilitation or reorganization. A liquidating Chapter 11 debtor has no reasonable likelihood of rehabilitation and continues to incur administrative expenses resulting in further losses and diminution of the estate. See, *Loop Corp. vs. U.S. Trustee*, 379 F.3d 511 (8th Cir. 2004).

14. A liquidation of the Debtor would be most economically effectuated in a Chapter 7.

15. Cause exists pursuant to 11 U.S.C. § 1112 to convert this case.

16. Pursuant to 28 U.S.C. § 1930(a)(6), the Debtor is obligated to pay to the United States Trustee a minimum of $325.00 for each quarterly period, including any fraction thereof, until a Plan is confirmed, or the case is converted or dismissed, whichever occurs first.

17. The United States Trustee requests that the following decretal paragraph be incorporated in the Order of Conversion:

> ORDERED that the Debtor pay to the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) within ten (10) days of the entry of this Order, and simultaneously provide to the United States Trustee an appropriate Affidavit indicating the cash disbursements for the relevant period. If the fee is not paid as hereinbefore set out, the United States Trustee will have judgment against the Debtor for the full amount of the quarterly fees, together with interest, effective ten (10) days from the entry of this Order.

WHEREFORE, the United States Trustee respectfully requests the entry of an order converting the Chapter 11 case to a case under Chapter 7; and all other proper relief to which he may be entitled.

Respectfully submitted,

DANIEL J. CASAMATTA
ACTING UNITED STATES TRUSTEE

By: */s/ Joseph A. DiPietro*
JOSEPH A. DiPIETRO, Bar No. 98004
Trial Attorney
200 West Capitol Avenue, Suite 1200
Little Rock, AR 72201-3618
Telephone: (501) 324-7357, Fax: (501) 324-7388
Email: Joseph.A.DiPietro@usdoj.gov

CERTIFICATE OF SERVICE

I do hereby certify that I have mailed a copy of the foregoing pleading to the following by first class mail with sufficient postage thereon on February 20, 2015:

Turner Grain Merchandising, Inc.
c/o Kevin P. Keech, Receiver
4800 West Commercial Drive
North Little Rock, AR 72116

*/s/ Joseph A. DiPietro*
Joseph A. DiPietro

˘ 4 ˘