IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

IN RE:     TURNER GRAIN MERCHANDISING, INC.     Case No. 2:14-BK-15687
               Debtor-in-Possession                                          CHAPTER 11

### DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION TO CONVERT TO CHAPTER 7

Comes now Debtor-in-Possession Turner Grain Merchandising, Inc. (the "Debtor"), by and through counsel, and for its Response to the United States Trustee's Motion to Convert to Chapter 7 states as follows:

1. On October 23, 2014, this case was commenced by the filing of Debtor's voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On February 20, 2015, the United States Trustee filed its Motion to Convert to Chapter 7 (the "Motion") [Doc. No. 162] pursuant to 11 U.S.C. § 1112(b).

3. The Motion claims that cause exists for conversion under 11 U.S.C. § 1112(b)(4) based on the Debtor's failure to file operating reports, to provide information to the United States Trustee, to pay required fees, and the absence of a reasonable likelihood of reorganization.

4. As of the petition date, the Debtor has made no disbursements and, therefore, there is no need for a monthly operating report. Furthermore, the books and records of the Debtor are difficult to understand without the retention of a third party forensic accountant. Once such accountant is retained, the Debtor will be better equipped to prepare and file any necessary outstanding operating reports, as well as provide other information to the Trustee. Notwithstanding this issue, the Debtor stands ready to file Monthly Operating Reports to the best of its ability.

5. Moreover, since before the filing of its petition, the Debtor has been dealing with a large amount of ancillary litigation. The amount of time and attention such litigation requires has made it difficult for the Debtor and its Receiver and counsel to prepare operating reports which, again, are unnecessary due to the lack of disbursements made by Debtor.

6. The Debtor has also filed a Motion for Leave to File an Amended Complaint in a related adversary proceeding [No. 2:14-AP-1121, Doc. No. 13], with an attached Amended Complaint. If the relief requested in the Amended Complaint is granted, it will have a great effect on the estate as it currently exists by consolidating the estates of several non-debtors closely related to the Debtor with the Debtor's bankruptcy estate. The Debtor has also filed motions to assume and assign certain executory contracts [Docs. No. 74 and 81], one of which is under consideration by the Court at this time. Furthermore, two motions to remand or abstain are currently pending in related adversary proceedings [AP No. 2:14-AP-1112 Doc. No. 8; AP No. 2:14-AP-1119 Doc. No. 6]. Motions and other pleadings are also pending in adversary proceedings No. 2:14-AP-1110, regarding turnover of funds from Helena National Bank, and in No. 2:15-AP-1009, regarding turnover of funds from Oakley Grain, Inc. [Motion to Deem Funds Property of the Bankruptcy Estate, Doc. No. 136]. As such, any decision to convert this case should be delayed until this Court's rulings in AP No. 2:14-AP-1121, and on the Motions to Remand/Abstain, the Motions to Assume Executory Contracts, and the actions regarding the turnover of funds to the estate due to the substantial impact of these decisions on the management of this case.

7. As of the date of this Response, the Receiver stands ready to provide a voided check from the debtor-in-possession checking account to the United States Trustee via U.S. Mail.

8.	As of the date of this Response, the Debtor stands ready to tender payment in the amount of $325.00 to the United States Trustee via U.S. Mail for the quarterly fee for the fourth quarter of 2014.

9.	The Debtor will report any disbursements made to the United States Trustee for the purposes of calculating the Trustee's fee.

10.	The complexity of this case necessitates that, for the time being, it as a Chapter 11 case.

WHEREFORE, Debtor-in-Possession Turner Grain Merchandising, Inc. respectfully requests this Court deny the United States Trustee's Motion to Convert to Chapter 7, and requests all other good and proper relief to which it may be entitled.

Respectfully submitted,

KEECH LAW FIRM, PA
4800 West Commercial Drive
North Little Rock, AR  72116
501.221.3200 (telephone)
501.221.3201 (fax)

By:	_/s/ Rachel V. Hampton_____
Kevin P. Keech (Ark. Bar No. 98147)
kkeech@keechlawfirm.com
Rachel V. Hampton (Ark. Bar No. 2010267)
rhampton@keechlawfirm.com
Seth D. Hyder (Ark. Bar No. 2011189)
shyder@keechlawfirm.com

*Attorneys for Debtor-in-Possession*
*Turner Grain Merchandising, Inc.*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing was filed via the Court's ECF System on the 18th day of March, 2015, which will send notification of such filing to all registered parties, including the following:

Joseph A. DiPietro
Trial Attorney, United States Trustee
200 West Capitol Avenue, Suite 1200
Little Rock, AR  72201-3618

                                                    */s/ Rachel V. Hampton*