UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

| | | |
|---|---|---|
| In re: | ) | CASE NO. 2:14-15687 |
| | ) | |
| TURNER GRAIN MERCHANDISING, INC. | ) | |
| | ) | |
| | ) | DIV. "J" |
| *Debtor* | ) | |
| | ) | CHAPTER 11 |
| | ) | |

## MOTION TO QUASH SUBPOENAS DIRECTED TO JOHN GOETTING AND TORI VANDERWAGEN

NOW INTO COURT, come John Goetting and Tori VanderWagen through their undersigned counsel, and file this Motion to Quash the Subpoenas dated January 26, 2015 and served on January 28, 2015 ("Subpoenas") issued to John Goetting and Tori VanderWagen by counsel for the Debtor (the "Debtor"), on the grounds stated below.

1.

The Subpoenas sought to compel the attendance of Mr. Goetting and Ms. VanderWagen as witnesses at a hearing in the above case originally scheduled for February 5, 2015 but continued by docket entry on February 2, 2015 to April 2, 2015. [*See* Docket #134, 154]

2.

Mr. Goetting and Ms. VanderWagen never received an amended subpoena or any correspondence indicating that their attendance is sought at the April 2, 2015 hearing. Nevertheless, they now file this Motion to Quash out of an abundance of caution, to the extent that their appearance is sought at a hearing in this matter. (*See also* the Certificate of Conference, below).

NO:0104474/00006:176009v2

3.

Copies of the Subpoenas are attached as Exhibit "1" hereto. Supporting Declarations of Mr. Goetting and Ms. VanderWagen are attached as Exhibits "2" and "3" respectively.

4.

Subpoenas are generally issued in bankruptcy cases under Bankruptcy Rule 9016, which states that Federal Rule of Civil Procedure 45 "applies in cases under the Code." Rule 45(c)(1) requires that a subpoena may command a person to attend a trial, hearing, or deposition only "(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense."

5.

The subpoenas do not comply with Rule 45(c)(1), since Mr. Goetting and Ms. VanderWagen reside and work in Louisiana, far outside of the required 100 mile limit.[1] Mr. Goetting and Ms. VanderWagen both live and work more than 100 miles from Helena, Arkansas. Mr. Goetting resides in Louisiana and is employed at Big River Rice & Grain, 7489 Hwy 588, Pioneer, LA 71266, which is approximately 175 miles from the courthouse in Helena, Arkansas. Ms. VanderWagen works at Big River Rice & Grain, 7489 Hwy 588, Pioneer, LA 71266, which is approximately 175 miles from the courthouse in Helena, Arkansas, and is in the process of transitioning her permanent residence. Her last permanent residence was in Inola, Oklahoma

---

[1] In addition, the subpoena is also not proper under Rule 45(c)(1)(B), since neither Mr. Goetting nor Ms. VanderWagen are parties or officers of parties in the contested matters at issue, and no trial is scheduled. Neither Mr. Goetting, Ms. VanderWagen, nor Agspring are parties to these matters. [*See* Docket #154] (*See* Exhibits "2" and "3," Paragraphs 3-5 of each).

2

which is approximately 377 miles from Helena, Arkansas. (*See* Exhibits "2" and "3", Paragraph 3 of each).

6.

Both Mr. Goetting and Ms. VanderWagen were served at the Pioneer, Louisiana address (their business address) which is approximately 175 miles from the courthouse in Helena, Arkansas, specifically 7489 Hwy 588, Pioneer, Louisiana 71266. *See* Exhibit "1" indicating that service took place at this address.

7.

Based on the foregoing, the Subpoenas must be quashed under Rule 45(c)(3), which states that "On timely motion, the issuing court <u>must</u> quash or modify a subpoena that: … (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c)" (emphasis added).

8.

In addition, Mr. Goetting and Ms. VanderWagen also note their other objections:

- The Subpoenas may be improper to the extent that they do not relate to any pending contested matter in the above-captioned bankruptcy proceeding. Mr. Goetting and Ms. VanderWagen are not parties to any pending adversary proceeding or contested matter. The Subpoenas do not reference or relate to any pending contested matter or adversary proceeding. *See* 10 Collier on Bankruptcy ¶9016.01 ("Rule 9016 applies in adversary proceedings, contested matters, contested or involuntary petitions, Rule 2004 examinations and all other matters in a bankruptcy case in which testimony may be compelled.")

- Mr. Goetting and Ms. VanderWagen object to the extent that their testimony is not relevant or necessary to the pending motions before the Court.

- The Subpoenas were served upon Mr. Goetting and Ms. VanderWagen on January 28, 2015, only a week before the hearing date referenced therein (although the hearing was later continued). This is an unreasonably short time for compliance.

3

**CERTIFICATE OF CONFERENCE**

9.

Upon receipt of the Subpoenas, Mr. Goetting and Ms. VanderWagen served their objections (including the objections above) on the Debtor, c/o Kevin P. Keech, on February 5, 2015. Mr. Keech has not contacted Mr. Goetting and Ms. VanderWagen or the undersigned since that time. Neither Mr. Goetting, Ms. VanderWagen, nor the undersigned ever received an amended subpoena or any correspondence indicating that their attendance is sought at the April 2, 2015 hearing.

10.

Before filing this Motion, the undersigned attempted to contact the Debtor's attorney, Kevin Keech (who signed and issued the Subpoenas), without success. The undersigned sent an electronic mail message to Mr. Keech on Friday, March 20. The undersigned placed a call and left a message with Mr. Keech on Monday, March 23. Finally, the undersigned also sent a letter (via facsimile, electronic mail, and U.S. Mail) to Mr. Keech on Monday, March 23. No response has been received.

WHEREFORE, for the foregoing reasons, John Goetting and Tori VanderWagen respectfully request that the Court quash the January 26, 2015 Subpoenas issued to them, and reserve all other rights in connection with such Subpoenas.

DATED: March 24, 2015

Respectfully Submitted,

By: */s/ C. Davin Boldissar*
C. Davin Boldissar (La. #29094)
*Pro Hac Vice Motion Pending*
Locke Lord LLP
601 Poydras Street, Suite 2660

4

NO:0104474/00006:176009v2

New Orleans, Louisiana 70130-6036
Telephone: (504) 558-5111
Fax: (504) 558-5200

*Attorneys for Mr. John Goetting and Ms. Tori VanderWagen*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

| | | |
|---|---|---|
| In re: | ) | CASE NO. 2:14-15687 |
| | ) | |
| TURNER GRAIN MERCHANDISING, INC. | ) | |
| | ) | |
| | ) | DIV. "J" |
| *Debtor* | ) | |
| | ) | CHAPTER 11 |
| | ) | |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing Motion to Quash Subpoenas Directed to John Goetting and Tori VanderWagen to be served as follows on this 24th day of March, 2015:

*Via U.S. Mail and Electronic Mail*

    Kevin P. Keech
    4800 West Commercial Drive
    North Little Rock, AR 72116
    kkeech@keechlawfirm.com

    *C. Davin Boldissar*_____
    C. Davin Boldissar

NO:0104474/00006:176009v2