UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

IN RE: TURNER GRAIN MERCHANDISING, INC.,     Case No.: 2:14-bk-15687 J
         d/b/a TURNER GRAIN, INC.,                                  Chapter 11
         Debtor

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
RESPONSE IN OPPOSITION TO
UNITED STATES TRUSTEE'S MOTION TO CONVERT TO CHAPTER 7**

COMES NOW the Official Committee of Unsecured Creditors of Turner Grain Merchandising, Inc., d/b/a Turner Grain, Inc. (the "**Committee**"), by and through its attorneys, Lyndsey D. Dilks of LUEKEN DILKS LAW FIRM and Nicholas H. Wooten of NICK WOOTEN, LLC, and files this *Response in Opposition to United States Trustee's Motion to Convert to Chapter 7*, stating as follows:

1. The Committee admits that this Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and Local Rule 83.1 of the United States District Court.

2. The Committee admits that on October 23, 2014, the Debtor filed a petition for Chapter 11 bankruptcy relief. The Chapter 11 case was filed through its court-appointed receiver, the Honorable Kevin Keech, who is currently acting as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. The Committee admits that the first meeting of creditors was held on December 15, 2014 in Helena, Arkansas.

4. The Committee admits that the appointed of the unsecured creditors committee was issued by the United States Trustee on December 22, 2014.

5. The Committee admits and agrees that the Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides that the Court shall either convert a case to Chapter 7 or dismiss a case filed

1

under chapter 11, whichever is in the best interest of creditors and the estate, if a movant establishes cause for such conversion or dismissal.

6. On February 20, 2015, the United States Trustee filed its *Motion to Convert to Chapter 7* (the "**Motion to Convert**") (docket #162), pursuant to 11 U.S.C. § 1112(b).

7. The Committee admits that the Debtor has failed to:

    a. timely file monthly operating reports for the period of October 23, 2014 through November 30, 2014, and December 2014;
    b. submit to the United States Trustee any supporting documentation for the operating reports;
    c. provide to the Office of the United States Trustee a voided check evidencing the opening of a debtor-in-possession checking account at Simmons Bank; and
    d. pay the quarterly fee for the fourth quarter of 2014;

8. However, the Committee, based on the *Response to the Trustee's Motion* ("**Response**") (docket #191) filed on March 18, 2015 by Mr. Keech as the receiver for the Debtor and the acting debtor-in-possession, believes that these matters may be quickly and easily resolved and does not support a finding of cause for the conversion or dismissal of the case.

9. The Committee is opposed to the Trustee's Motion to Convert at this juncture of the proceedings. The Committee recognizes that there is no chance of rehabilitation of the Debtor. However, Mr. Keech, as the receiver acting as debtor-in-possession, has expended a significant amount of time and resources in the investigation of the Debtor's affairs and in an effort to determine what, if any, additional assets exist for liquidation and thus payment to the creditors. Any Chapter 7 panel trustee would be required to also expend a significant amount of time and effort, likely duplicating the time and expenses already incurred by the bankruptcy estate to pay Mr. Keech. This would be a tremendous waste of the assets of the bankruptcy estate.

10. Rather than converting or dismissing the case and to assure the Court, the United States Trustee and the creditors that the continuation of the receiver as a debtor-in-possession in a

Chapter 11 case is beneficial to the creditors, Mr. Keech, as the receiver acting as the debtor-in-possession, should be allowed an opportunity to set forth the additional assets or funds that his time and expenses have made available or may make available for liquidation and/or payment to creditors.

11. Mr. Keech asserts to be making progress toward a complete understanding of the Debtor's pre-bankruptcy affairs and such information is necessary in order to obtain all the assets and funds that may be available to pay the claims of creditors. It is the Committee's concern that a conversion or dismissal at this stage of the proceedings may further delay or jeopardize the work that is required to be done in such a complicated case.

12. In addition, Mr. Keech and his firm have been involved and remain involved in several pieces of litigation which the Committee deems relevant, important and worthy of pursuit.

13. The Committee believes that in order to achieve any significant dividend for the benefit of the creditors there will need to be a combination of substantive consolidation of entities and assets, strategic litigation and an effective plan to maximize the value of the assets of the estate, all of which is best accomplished in a chapter 11 case.

14. For these reasons, the Motion to Convert should be denied.

WHEREFORE, the Official Committee of Unsecured Creditors of Turner Grain Merchandising, Inc. d/b/a Turner Grain, Inc. respectfully requests the Court deny the *United States Trustee's Motion to Convert to Chapter 7* and for all other just and proper relief to which it may be entitled.

Dated this 25th day of March, 2015.

/s/ Lyndsey D. Dilks
Lyndsey D. Dilks, Bar #2007-076
LUEKEN DILKS LAW FIRM
1101 West 2nd Street
Little Rock, AR 72201
Tel: (501) 312-0010
Fax: (501) 312-0198
ldilks@luekendilkslaw.com

/s/ Nick Wooten
Nicholas H. Wooten (WOO084)
NICK WOOTEN, LLC
P.O. Drawer 3389
Auburn, AL 36831-3389
Tel:  (334) 887-3000
Fax:  (334) 821-7720
nick@nickwooten.com

*Attorneys for the Official Committee of Unsecured Creditors of Turner Grain Merchandising, Inc. d/b/a Turner Grain, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that on March 25, 2015, a copy of the foregoing pleading was served and delivered to all electronic case filing system participating parties.

/s/ Lyndsey D. Dilks
Lyndsey D. Dilks, Bar #2007-076