IN THE UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

IN RE: TURNER GRAIN MERCHANDISING, INC.,   CASE NO. 2:14-BK-15687J
    Debtor-in-Possession   Chapter 11

K.B.X., INC.'S MOTION TO CONVERT TO CHAPTER 7

Comes, K.B.X., Inc., by and through its attorneys, Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd., and for its Motion to Convert to Chapter 7 states;

1. K.B.X., Inc. (KBX) is a creditor of Turner Grain Merchandising, Inc. (Turner Grain) and a party in interest in this case. Therefore, KBX has standing to file this Motion.

2. This Motion is brought pursuant to 11 U.S.C. § 1112 (b) and appropriate Bankruptcy Rules. This Motion presents a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A) and (O).

3. Turner Grain ceased business operations and closed its doors on or about August 15, 2014. Shortly before ceasing operations, Turner Grain "bounced" a check to KBX in the amount of $532,923.19. Between August 15, 2014 and the Chapter 11 Bankruptcy filing date of October 23, 2014, Turner Grain conducted no business activities and had no employees. In addition, Turner Grain has conducted no business operations since its Receiver filed the Bankruptcy petition on October 23, 2014, nor has Turner Grain had any employees since the Bankruptcy filing date.

4. Fundamentally, this case is one of liquidation and should have been filed under Chapter 7 to begin with. Turner Grain should be liquidated by one of the experienced trustees

appointed by the Office of the United States Trustee from the Trustee panel, not by a receiver appointed by the Federal District Court. Therefore, respectfully, this case should have been brought under Chapter 7 and the Chapter 11 filing was not a good faith filing.

     5.     Under 11 U.S.C. § 1121 (b), the Debtor has an exclusive right to file a plan for 120 days after the Order of Relief has been entered. The exclusivity period in the present case expired on February 20, 2015 and no timely exclusivity extension was sought by the Debtor. To date, Turner Grain has filed neither a proposed Disclosure Statement nor a proposed Plan.

     6.     Likewise, Turner Grain has never filed a Monthly Operating Report in this case as required by law. Such reports often contain valuable information for creditors and parties in interest. As detailed in the United States Trustee's Separate Motion to Convert (doc. 162), paras. 10 and 11, Turner Grain has also failed to properly provide requested bank account information to the United States Trustee's Office.

     7.     Turner Grain remaining in Chapter 11 will result in unnecessary administrative expenses to the detriment of the Bankruptcy estate and its unsecured creditors. For example, an unsecured creditors committee has already been appointed in this case and it has retained counsel. Respectfully, such administrative expenses are a waste of both time and money and would not be incurred in a Chapter 7 proceeding.

     8.     Without timely Monthly Operating Reports, a proposed Disclosure Statement and a proposed Plan, creditors and parties in interest are simply left in the dark as to the debtor's intentions and purposes.

     9.     It is in the best interests of creditors that this case be converted to a Chapter 7 proceeding. The foregoing facts constitute cause for conversion; these facts include, but are not

limited to, no reasonable likelihood of rehabilitation (1112 (b)(4)(A)), failure to file monthly operating reports (1112 (b)(4)(F)), failure to provide information to the United States Trustee's Office (1112 (b)(4)(H)), and failure to file a proposed disclosure statement and proposed plan.

10. KBX joins in the separate Motion to Convert filed by the United States Trustee.

**WHEREFORE,** KBX, Inc. prays that its Motion be granted; that this case be converted immediately from Chapter 11 to Chapter 7; and all other relief to which it may be entitled to.

Respectfully submitted,

HILBURN, CALHOON, HARPER,
 PRUNISKI & CALHOUN, LTD.
U.S. Bank Building, 8th Floor
One Riverfront Place
Post Office Box 5551
North Little Rock, AR 72119
(501) 372-0110

By: __/s/ Randy L. Grice_____
 Ernest H. Harper, Jr.
 Arkansas Bar No. 77059
 James M. McHaney, Jr.
 Arkansas Bar No. 74103
 Randy L. Grice
 Arkansas Bar No. 93131
 Attorneys for Movant
 K.B.X., Inc.

## CERTIFICATE OF SERVICE

  I, Randy L. Grice, do hereby certify that the above document was forwarded to the following on this 27th day of March, 2015 via United States Mail.

Kevin P. Keech           U.S. Trustee
Keech Law Firm, P.A.        Office of the U.S. Trustee
4800 West Commercial Drive     200 W. Capitol, Ave., Suite 1200
North Little Rock, AR 72116     Little Rock, AR
Receiver for the Debtor

         Lyndsey D. Dilks
         1101 W. 2nd Street
         Little Rock, AR 72201
         Counsel for the Unsecured Creditor Committee

All other parties that have entered an appearance through the Court's electronic notification system.

                 _/s/ Randy L. Grice_____