# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

| | | |
|---|---|---|
| IN RE: | TURNER GRAIN MERCHANDISING, INC., | Case No. 2:14-bk-15687 |
| | Debtor | Chapter 7 |

## APPLICATION TO EMPLOY SPECIAL COUNSEL

The application of M. RANDY RICE, duly appointed Trustee in Bankruptcy of the Estate of the above named Debtor (the **"Trustee"**), respectfully shows that in the administration of the Estate and in the performance of his duties as Trustee, it is necessary to employ special counsel to represent the Trustee pursuant to 11 U.S.C. § 327(e), 11 U.S.C. § 329, and Federal Rule of Bankruptcy Procedure 2014(a). In support of this Application, the Trustee and KEECH LAW FIRM, P.A. states as follows:

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. Venue of this case and the Application in this district are proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On October 23, 2014, Turner Grain Merchandising, Inc. (the **"Debtor"**) commenced a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

3. On September 12, 2014, Kevin P. Keech was appointed Receiver of the Debtor's estate pursuant to order of the United States District Court for the Eastern District of Arkansas. As Receiver, Mr. Keech filed the voluntary Chapter 11 bankruptcy petition on behalf of the Debtor, and was subsequently retained as counsel for the Debtor's bankruptcy estate, representing the Debtor as a debtor-in-possession (Dkt. No. 46).

4. On May 15, 2015, a Consent Order was entered in this Court, converting the Debtor's Chapter 11 case to a Chapter 7 bankruptcy case (Dkt. No. 292). Richard L. Cox was appointed Chapter 7 Trustee (Dkt. No. 294).

5. On July 1, 2015, the Court entered an Order Approving Trustee's Amended Application to Employ Special Counsel (Dkt. No. 341) authorizing the employment of the law office of KEECH LAW FIRM, P.A., as attorneys at law to represent the above mentioned estate to provide legal resources in regard to pending adversary proceedings as well as such other matters, claims, and causes of action as the Trustee may assign to Keech Law Firm, P.A. with compensation to be determined after motion and a hearing.

6. On May 12, 2016, Richard L. Cox resigned as Chapter 7 Trustee for the Debtor (Dkt. No. 416). On the same day, M. Randy Rice was appointed successor Chapter 7 Trustee.

7. The Trustee respectfully represents that KEECH LAW FIRM, P.A is authorized and licensed to practice in this Court and that it would be in the best interest of the Estate that the Trustee be permitted to employ same as special counsel. KEECH LAW FIRM, P.A., having previously represented the debtor as counsel for the debtor as debtor-in-possession in a Chapter 11 proceeding and having represented the prior Chapter 7 trustee, possesses extensive knowledge of the issues involved in this complex case, pending adversary proceedings, and potential causes of action against third parties, including, but not limited to, avoidance actions, that would require the Trustee or other special counsel to expend valuable time and resources at the expense of the estate in order to familiarize themselves to the level needed to litigate same.

8. The Trustee, therefore, seeks authority from this Court to employ KEECH LAW FIRM, P.A. pursuant to 11 U.S.C. § 327(e) to represent him during this Chapter 7 case for the specified special purpose of litigating the adversary proceedings currently pending in the instant

case, as well as for the specified purpose of evaluating and pursuing avoidance actions, other adversary proceedings, claims objections, or other similar actions against creditors, and any other matters, claims, and causes of actions as the Trustee may assign to Keech Law Firm, PA, with compensation to be determined after motion and a hearing for the benefit of the estate.

9. In its capacity as previous counsel for the debtor during the pendency of this case as a Chapter 11 proceeding, KEECH LAW FIRM, P.A. is an administrative creditor of this estate, subordinate to Chapter 7 administrative expenses. Pursuant to the Amended Second Interim Fee Application for Fees and Reimbursement of Expenses for Keech Law Firm, PA, Counsel to the Debtor and Notice of Opportunity to Object [Doc. No. 327], filed on June 11, 2015, KEECH LAW FIRM, P.A. has incurred an administrative debt in the amount of $33,218.94 in reasonable fees and necessary expenses. Such amounts are detailed in the fee application and attachments thereto [Doc. No. 327], and are hereby incorporated by reference. Such fees were approved as a Chapter 11 administrative expense on July 7, 2015 [Doc. No. 345]. In addition, in connection with a previously order authorizing authorized fee application [Doc. No. 227], KEECH LAW FIRM, P.A. has an allowed Chapter 11 administrative expense for approved, but unpaid fees of $7,115.90. As such, KEECH LAW FIRM, P. A. asserts it holds an aggregate allowed Chapter 11 administrative expense of $40,334.84.

10. On February 1, 2016, counsel Dana M. Landrum and Allison R. Gladden joined KEECH LAW FIRM, PA as employees of such firm.

11. Landrum and Gladden were previously employed in an "of Counsel" capacity at Williams & Anderson, P.L.C. During such time, Landrum and Gladden performed legal services for secured creditor Rabo Agrifinance, Inc. (**"Rabo"**).

12. Landrum and Gladden no longer represent Rabo and perform no work or services for the Trustee of the above mentioned estate or with respect to any of the adversary proceedings pending in this case or on any other matter, claim or cause of action.

13. In addition, before working at Williams and Anderson, PLC, Landrum served as a law clerk for the Honorable Audrey R. Evans, who was the original Bankruptcy Judge assigned to this case. Judge Evans retired on December 31, 2014. While working for Judge Evans, Landrum was specifically screened from participating in any activities associated with this case.

14. Notwithstanding its prior representation of the Debtor, for the reasons stated above, the Trustee believes the retention of KEECH LAW FIRM, P.A. is in the best interest of the estate and is permitted by the Bankruptcy Code. Except as noted above and in the attached Declaration, KEECH LAW FIRM, P.A. and its attorneys do not represent or hold any interest adverse to the debtor or the estate with respect to the matters on which such attorneys are to be employed. Pursuant to 11 U.S.C. § 327(e), the Trustee, "with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and *if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.*" 11 U.S.C. § 327(e) (emphasis added). In other words, special counsel need not be disinterested, as required by 11 U.S.C. § 327(a), but merely must not hold any interest adverse to the debtor or to the estate on the specified matters for which the attorney is requested to be employed. *See e.g. Williams v. McDermott & Trayner, P.C. (In re White Mt. Cmtys. Hosp., Inc.)*, 2006 Bankr. LEXIS 4844, 14 (B.A.P. 9th Cir. 2006) ("[S]ection 327(e) does not require special counsel to be 'disinterested;' rather, an attorney who represents a . . . trustee as special

counsel merely must hold or represent no interest adverse to the estate 'with respect to the matter on which such attorney is to be employed.'").

15. KEECH LAW FIRM, P.A. currently has hourly rates as follows:

Kevin Keech $315.00

Associates $195.00

Paralegals/Legal Assistants $125.00

16. Compensation for KEECH LAW FIRM, P.A. shall be determined by the Court after notice and opportunity for a hearing.

17. KEECH LAW FIRM, P.A. is qualified to represent the Trustee in this Chapter 7 case and in all matters on which the Trustee specifically seeks to employ KEECH LAW FIRM, P.A. Notwithstanding the proposed retention of KEECH LAW FIRM, P.A. for the herein specified purposes, the Trustee will retain all authority regarding the administration and payment of claims in this case.

**[Remainder of Page Left Blank Intentionally]**

WHEREFORE, the applicant, M. RANDY RICE, Trustee, prays that KEECH LAW FIRM, P.A be appointed special counsel to represent the estate, *nunc pro tunc*, to the date Trustee Rice was appointed to this case, namely **May 12, 2016**, with compensation to be determined by the Court after notice and a hearing.

    Respectfully submitted,

    */s/ M. Randy Rice*
    M. Randy Rice
    523 South Louisiana, Suite 300
    Little Rock, Arkansas 72201

    **CHAPTER 7 TRUSTEE**

    -AND-

    */s/ Kevin P. Keech*

    Kevin P. Keech
    Ark. Bar No. 98147
    Keech Law Firm, PA
    kkeech@keechlawfirm.com
    2011 S. Broadway
    Little Rock, Arkansas 72206
    501.221.3200
    501.221.3201 (Fax)

    **PROPOSED SPECIAL COUNSEL FOR**
    **M. RANDY RICE, CHAPTER 7**
    **TRUSTEE**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the July 22, 2016, a true and correct copy of the foregoing document was electronically filed and served upon all parties who receive ECF service and on the U.S. Trustee.

                                                       */s/ M. RANDY RICE*
                                                       M. RANDY RICE

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

IN RE:     TURNER GRAIN MERCHANDISING, INC.,     Case No. 2:14-bk-15687
Debtor     Chapter 7

## DECLARATION

I, Kevin Keech of the law office of KEECH LAW FIRM, P.A, 2011 S. Broadway, Little Rock, AR 72206, hereby declares:

1. I am an attorney at law duly admitted to practice before this Court and other necessary state and federal courts in this jurisdiction.

2. Except as otherwise noted herein, I do not have, to the best of my knowledge, any connection to any creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

3. Beginning on September 12, 2014, I served as Receiver of the Debtor's estate pursuant to order of the United States District Court for the Eastern District of Arkansas. As Receiver, I filed a voluntary Chapter 11 bankruptcy petition on behalf of the Debtor, and was subsequently retained as counsel for the Debtor's bankruptcy estate, representing the Debtor as a debtor-in-possession. In such capacity, Keech Law Firm, P.A. is an administrative creditor of this Chapter 7 estate.

4. On May 15, 2015, a Consent Order was entered in this Court, converting the Debtor's Chapter 11 case to a Chapter 7 bankruptcy case (Dkt. No. 292). Richard L. Cox was appointed Chapter 7 Trustee (Dkt. No. 294).

5. On July 1, 2015, the Court entered an Order Approving Trustee's Amended Application to Employ Special Counsel (Dkt. No. 341) authorizing the employment of the law

office of KEECH LAW FIRM, P.A., as attorneys at law to represent the above mentioned estate to provide legal resources in regard to pending adversary proceedings as well as such other matters, claims, and causes of action as the Trustee may assign to Keech Law Firm, P.A. with compensation to be determined after motion and a hearing.

6. On May 12, 2016, Richard L. Cox resigned as Chapter 7 Trustee for the Debtor (Dkt. No. 416). M. Randy Rice was appointed successor Chapter 7 Trustee.

7. On February 1, 2016, counsel Dana M. Landrum and Allison R. Gladden joined Keech Law Firm, P.A. as employees of the firm.

8. Landrum and Gladden were previously "Of Counsel" at Williams & Anderson, P.L.C. Landrum and Gladden performed legal services for secured creditor Rabo Agrifinance, Inc. (**"Rabo"**).

9. Landrum and Gladden no longer represent Rabo and perform no work or services for the Trustee of the above mentioned estate or with respect to any of the adversary proceedings pending in this case or on any other matter, claim or cause of action.

10. In addition, before working at Williams and Anderson, PLC, Landrum served as a law clerk for the Honorable Audrey R. Evans, who was the original Bankruptcy Judge assigned to this case. Judge Evans retired on December 31, 2014. While working for Judge Evans, Landrum was specifically screened from participating in any activities associated with this case.

11. To the best of my knowledge, except as noted above and set forth in the Affidavit attached to the Application of Keech Law Firm, P.A. to be employed as attorneys for the Debtor during the pendency of its Chapter 11 case (Dkt. No. 27), which is hereby incorporated by reference, Keech Law Firm, P.A. and its attorneys do not represent or hold any interest adverse to

the Debtor or the estate with respect to the specified matters on which such attorneys are to be employed by the Trustee in accordance with 11 U.S.C. § 327(e).

12. I believe Keech Law Firm, P.A. is qualified to represent the Trustee in this Chapter 7 case and in all matters on which the Trustee seeks to employ Keech Law Firm, P.A.

13. I declare under penalty of perjury that the foregoing is true and correct.

Executed July 7, 2016.

KEECH LAW FIRM, P.A.
BY: _____
KEVIN P. KEECH

STATE OF ARKANSAS     )
                      )SS.
COUNTY OF PULASKI     )

SUBSCRIBED AND SWORN TO before me this 7 day of July, 2016

_____
NOTARY PUBLIC